Battle, J.
 

 The covenant of the defendants bound them to use all necessary and reasonable means for giving to the slaves of the plaintiff, faithful, diligent and skilful instruction in the art of a ship-carpenter and caulker;
 
 Clancy
 
 v. Overman, 1 Dev. and Bat. Rep. 402. If the slaves were incapable of learning the art, that might be a defense, but a mere unwillingness to learn cannot be allowed to have that effect. It was proved that the slaves Woden and Abbott had ordinary capacity, and it does not appear that if proper measures had been taken to overcome their obstinacy,
 
 *46
 
 and to compel the performance of their duty, they might not have made as much progress in learning the art of a ship-carpenter as the other slave, Peter. It was proved, indeed, that “ repeated efforts were made to instruct them,” but they declared they were unwilling to be taught, and would not learn ; under these circumstances, it was the right and the duty of the defendants to coerce them by such means as the law allows to masters, to enforce obedience from their apprentices. And at all events, the least the defendants could have done, was to have notified the plaintiff that his slaves could not, or would not be taught, so that he might have made different arrangements for them.
 

 We are clearly of opinion, then, that the covenant was broken, and the plaintiff was entitled to recover some damages for the breach. The question remains, was the proper measure adopted by the jury under the instruction of the court. We are satisfied that it was. It was testified, by some of the witnesses, that a slave instructed in the art of a ship-carpenter and caulker would be increased in value the sum of three hundred dollars. If the defendants had performed their covenant, the plaintiff would have been benefitted to that amount, in the increased value of each of his slaves, and of that he was deprived by their default; so that it seems clear, that in giving six hundred dollars, the j ury adopted the proper rule as intimated to them by the Judge. If it be said that the slaves Woden and Abbott had received some, though but slight, instruction, and that a deduction ought to have been made from the amount of damages on that account, it may be replied that Peter was not at all instructed in the art of caulking, which called for some damages for that default in respect to him. The rule of damages contended for, on the part of the defendants, is objectionable, because of its uncertainty and the difficulty of its application to the circumstances of the case. The slaves were four years older, with habits of obstinacy increased by indulgence, and it would be almost impossible to ascertain, with any, reasonable certainty, how much it would cost the plaintiff to have the slaves taught and
 
 *47
 
 made as variable as they would bare been, had the defendants performed faithfully their covenant.
 

 Pee CueiaM, Judgment affirmed.